**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

ERNESTO J. BENAVIDEZ,

     Plaintiff,

v.                                                                          No. 21-cv-0234 WJ-JFR

GUADALUPE COUNTY CORRECTIONS, *et al,*

     Defendants.

### MEMORANDUM OPINION AND ORDER

     This matter is before the Court on Plaintiff Ernesto Benavidez's amended civil rights claims.  Plaintiff is incarcerated and appears *pro se.*  He amended his claims after the Court directed him to cure defects in connection with his original pleading.  The amendment alleges prison officials failed to adequately protect inmates from the risk of COVID-19.  For the reasons below, the Court will dismiss this case for failure to comply with Fed. R. Civ. 8(a) and failure to state a claim.

### BACKGROUND

     Plaintiff commenced this case on February 3, 2021 in New Mexico's Fourth Judicial District Court.  Thereafter, the original complaint was removed to this Court.  *See* Doc. 1.  The original pleading raises deliberate indifference claims based on Plaintiff's COVID-19 risk in prison.  However, the original pleading is missing pages, such that the allegations abruptly switch between different topics.  By an Order entered March 11, 2022, the Court directed Plaintiff to file a single, amended complaint that complies with Rule 8(a).  Plaintiff was advised to specify "what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed

him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (addressing pleading standards). Plaintiff was advised that to establish deliberate indifference to health or safety, the amendment must show the harm was objectively serious and that each Defendant was aware of and consciously disregarded that risk. *See Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir. 1998). The Court further advised that to assert constitutional claims against entities or supervisors who were not personally involved in the alleged wrongdoing, the amendment must show they promulgated a policy/custom that caused the constitutional violation. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Plaintiff was warned that the failure to timely file an amendment that conforms to the above instructions will result in dismissal of this case with prejudice. *See* Doc. 15 at 2.

In response, Plaintiff filed an Addendum Stating Facts in Detail and Asserting Authority (Doc. 16) (Addendum Stating Facts) along with Disclosures and Discovery Pursuant to Rule 26 (Doc. 17). He then obtained an extension of time to file an amended complaint and submitted a document titled Pendent or Supplemental and Diversity Jurisdiction; Waiver of Immunity, Without Preservation Previously Retained, Preserving Previously Asserted Facts (Doc. 21) (Supplement). The Supplement includes "Guadalupe County Corrections, et al" in the caption and names various parties throughout the body of the document. Those parties include Governor Michelle Lujan Grisham, New Mexico Corrections Department (NMCD), GEO Group, Wexford, Warden Vincent Horton, Ronald Peters, Ms. Salina, and "all named and unnamed employees of the GEO corporation." *See* Doc. 21 at 4. The Supplement alleges Plaintiff caught the "pandemic influenza" more than once. *Id.* at 5. He had a strong immune response the first few times but experienced severe complications, including shortness of breath, dizziness, loss of appetite, and vision impairment in November of 2020. *Id.* at 5. Plaintiff was allegedly unable to test or quarantine,

which he believes "can cause a relapse." *Id.*   Plaintiff contends the Governor and NMCD did not interview Plaintiff; Wexford and GEO did not have adequate procedures or a plan to handle an influenza pandemic; and all Defendants are "responsible … [for] spreading the deadly virus to Plaintiff." *Id.* at 3-4.   Based on these facts, the Supplement appears to raise claims for deliberate indifference to medical needs and negligence.

After filing the Supplement, Defendant NMCD filed Motions to Dismiss for Insufficient Service and Alternatively for Failure to Comply with Court Order (Docs. 22, 23).   Plaintiff also filed a Motion for Summary Judgment; a Motion for Hearing; and a Motion to Take Judicial Notice Regarding Service (Docs. 24, 25, and 27).   The matter is ready for review.

## STANDARDS GOVERNING INITIAL REVIEW

Where, as here, a prisoner civil rights action is removed from state court, the Court must perform a screening function under 28 U.S.C. Section 1915A.   *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government officials, even though it was removed from state court).   Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint sua sponte "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).   The Court may also dismiss a complaint under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).   The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.*  However, it is not the role of the Court to advocate, scour the record piece together a claim, or craft arguments for a *pro se* party.  *Id.*

## DISCUSSION

Plaintiff appears to raise claims for deliberate indifference to safety and negligence.  The Court previously directed Plaintiff to comply with Rule 8(a) and the applicable pleading standards governing deliberate indifference claims.  The Court will address each requirement below.

### A.  Plaintiff Failed to Comply with Rule 8(a) as Directed

Rule 8(a) requires a complaint to set forth a short and plain statement of the grounds for relief.  The Court previously notified Plaintiff that his pleading did not comply with the rule and directed him to file a single, amended complaint.  Plaintiff failed to comply and instead filed the Addendum Stating Facts, discovery disclosures, and the Supplement.  *See* Docs. 16, 17, and 21. The Supplement contains 86 pages of written facts and exhibits.  It attempts to incorporate "previously asserted facts" and appears to assert that an "amended complaint filed on April 4, 2020" in another case "will suffice [for] a claim of negligence [and] deliberate indifference."  Doc. 21 at 1, 5.  The Supplement also seeks to "admit the evidence" from 21-cv-351 MIS-CG, a separate case where Plaintiff sued prison officials based on COVID-19 procedures.  *Id.* at 6.  Courts are not required to "sort through a lengthy ... complaint and voluminous exhibits ... to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014).

Accordingly, this case is subject to dismissal for failure to comply with Rule 8(a) and the prior warning regarding dismissal. *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."). The Court will grant Defendant NMCD's Motions to Dismiss (Docs. 22, 23), to the extent they are based on a failure to comply with the prior Court Order.

### B.  Alternatively, Plaintiff Fails to State a Cognizable Federal Claim

Even if the Court were to limit its review to the facts set out in the Supplement (Doc. 21) - as Plaintiff filed that document after obtaining an extension of the amendment deadline – the facts fail to state a cognizable claim under 42 U.S.C. § 1983 and/or the Eighth Amendment. "Under the Eighth Amendment, prison officials have a duty to ... 'tak[e] reasonable measures to guarantee the safety of ... inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To plead a deliberate indifference claim, an inmate must allege: "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm.'" *Id.* (quoting *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008)). Subjective knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In the context of pandemic safety, "[t]he key inquiry is whether the [defendants] responded reasonably to ... the risk posed by COVID-19." *Medina v. Williams*, 2022 WL 2714517, at *2 (10th Cir. July 13, 2022) (quoting Wilson v. Williams, 961 F.3d 829, 840-41 (6th Cir. 2020)). A response may be reasonable even if "the harm imposed by COVID-19 on inmates ... ultimately is not averted." *Id.*

Rather than specifying who did what to whom, as the prior Order advised, the Supplement here groups the different Defendants together and contains various "passive-voice [statements] showing that his rights 'were violated." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) (affirming dismissal and noting such method of pleading facts "will not suffice"). Plaintiff's vague and conclusory allegations are also insufficient to show any Defendant's actions either amounted to an objectively sufficiently serious deprivation, or that Defendants were deliberately indifferent to a substantial risk of serious harm. The Supplement merely alleges: (1) Defendants failed to provide "preventative solutions on cross-contamination, medical care, and testing;" (2) Defendants refused to administer daily COVID-19 tests; (4) the Governor and NMCD declined to interview Plaintiff about COVID-19; (5) Plaintiff was not permitted to quarantine or continue to test when he had COVID-19, which he believes can cause a relapse of illness; and (6) Wexford and GEO did not "seem to" have a pandemic emergency response plan.

These allegations give no meaningful information about the COVID-19 response at Plaintiff's prison, such as the frequency of testing (even if it did not occur daily); whether inmates were offered masks; or whether officials restricted access to common areas at the prison. There are also no allegations that Plaintiff was deprived of medical attention after he contracted COVID-19. The Tenth Circuit has repeatedly rejected conclusory allegations regarding the failure to take precautions in light of COVID-19. *See Medina v. Williams*, 2022 WL 2714517, at *2 (affirming dismissal where plaintiff "did not adequately allege facts that show that the defendants subjectively disregarded the virus's risk to his health"); *Blake v. Zmuda*, 2022 WL 1184402, at *2 (10th Cir. Apr. 21, 2022) (placing plaintiff in an unsanitized cell does not show any Defendant deliberately disregarded a risk of harm); *Simmermaker v. Trump*, 2022 WL 222066, at *1 (10th Cir. Jan. 26, 2022) (complaint failed to allege prison officials knowingly disregarded the risks from COVID-

19).  With respect to the corporate Defendants, Plaintiff's allegation that various entities did not "seem" to have a pandemic response plan and/or did not follow unspecified pandemic policies is too conclusory to show they engaged in cruel and unusual punishment.  Plaintiff has therefore failed to state a claim against any Defendant.

In sum, Plaintiff has failed to comply with Rule 8(a), the prior Order, or the pleading standards applicable to deliberate indifferent claims.  In accordance with the prior dismissal warning, the Court will dismiss all federal claims with prejudice.  *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); 28 U.S.C. § 1915A.  The Supplement also raises a state law claims for negligence.  The Court declines to exercise jurisdiction over state claims and will dismiss them without prejudice.  The Court will also deny as moot Plaintiff's Motion for Summary Judgment (Doc. 24), Motion for Hearing (Doc. 25), and Motion to Take Judicial Notice Regarding Service (Doc. 27).

Plaintiff finally raises a concern that this case will count as strike under 28 U.S.C. § 1915(g).  *See* Doc. 21 at 6.  Section 1915(g) prevents prisoners from proceeding *in forma pauperis* if they filed three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim.  Defendants paid the filing fee upon removing this case, and in any event, dismissal of this removed action does not count as a strike.  *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (reversing district court for applying the three-strikes rule to a removed case).  However, Plaintiff is notified that he has already accrued three strikes and must prepay the full filing fee on appeal and/or if he initiates another case in Federal Court.  *See Benavidez v. City of Albuquerque, et al.,* 18-cv-356 JCH/KBM (imposing third strike and describing litigation history).

**IT IS ORDERED** that Defendant's NMCD's Motions to Dismiss (**Docs. 22, 23**) are **GRANTED**, **in part**, to the extent they are based on a failure to comply with the prior Court

Order; and Ernesto Benavidez's Motion for Summary Judgment (**Doc. 24**); Motion for Hearing (**Doc. 25**); and Motion for Judicial Notice Regarding Service (**Doc. 27**) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Ernesto Benavidez's federal constitutional claims are **DISMISSED with prejudice** for failure to comply with Rule 8(a) and for failure to state a cognizable federal claim under 28 U.S.C. § 1915A; any state law claims raised in this record, including the Supplement (**Doc. 21**), are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE