IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

    Plaintiff,

v.   No. 21-cv-0234 WJ-JFR

GUADALUPE COUNTY CORRECTIONS, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion to Reconsider Final Judgment (Doc. 30) (Motion). Plaintiff seeks reconsideration of the ruling dismissing his amended prisoner civil rights claims. *See* Doc. 28 (Dismissal Ruling). The Court previously directed Plaintiff to file a single amended complaint that complies with Fed. R. Civ. P. 8(a) and satisfies the pleading standard for deliberate indifference to health and safety. *See* Doc. 15. Plaintiff was warned that the failure to amend as directed may result in dismissal of the case with prejudice. Plaintiff failed to file a single, amended complaint and instead filed several addendums and supplements. He also failed to comply with the instructions applicable to deliberate indifference claims. The Court therefore dismissed the federal claims with prejudice for failure to comply with Rule 8(a) and alternatively, for failure to state a cognizable claim under 28 U.S.C. § 1915A. All state law claims were dismissed without prejudice. Final Judgment was entered on November 29, 2022. *See* Doc. 29.

    Plaintiff filed the instant Motion about two weeks later, on December 15, 2022. A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed

under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

As grounds for reconsideration, Plaintiff argues:

(1) Defendants improperly sought dismissal based on inadequate service;

(2) The addendums and supplements he filed in lieu of a single, amended complaint contain sufficient facts to show Defendants are responsible for the COVID-19 outbreak in prison;

(3) This case is not subject to *sua sponte* review because Defendant paid the filing fee upon removal; and

(4) The Court did not respond to Plaintiff's motions for summary judgment, a hearing, and judicial notice before dismissing the case.

None of these arguments establish grounds for relief under Rule 59(e). As noted above, the dismissal was not based on any service defect. The Court also disagrees that Plaintiff alleged sufficient facts to satisfy the objective and subjective prongs of a deliberate indifference claim, for the reasons stated in the Dismissal Ruling. And, even if Plaintiff did allege such facts, the argument regarding deliberate indifference fails to address the alternative basis for dismissal, *i.e.,* Plaintiff's refusal to file a single, amended complaint that complies with Rule 8(a).

As to Plaintiff's argument that his complaint is not subject to *sua sponte* screening, no

relief is available. Section 1915A of Title 28 applies to all pleadings where, as here, a prisoner sues a government official or entity. *See* 28 U.S.C. § 1915A. This includes complaints that are removed from state court. *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government entities, even though it was removed from state court). Finally, the Court is not persuaded reconsideration is required based on the failure to consider Plaintiff's motions before dismissal. After amending his claims, Plaintiff sought summary judgment, a hearing, and to take judicial notice of certain facts. However, Plaintiff must state a cognizable claim before such relief is appropriate, and the initial review under § 1915A only "tests the sufficiency of the allegations within the four corners of the" operative pleading. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Having determined this case did not survive initial review, Plaintiff was not entitled to further relief. The Court will therefore deny the Motion, for the reasons above.

   **IT IS ORDERED** that Plaintiff's Motion to Reconsider Final Judgment (**Doc. 30**) is **DENIED.**

   **SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE